## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | X | |
| JOHN DOE, | | Case No. |
| Plaintiff, | | |
| v. | | |
| MGH INSTITUTE OF HEALTH PROFESSIONS, | | |
| Defendant. | | |

### PLAINTIFF'S MOTION TO PROCEED BY PSEUDONYM

Plaintiff, through his undersigned counsel, respectfully requests that the Court issue an order allowing him to proceed by pseudonym in the litigation he initiated today by filing the Complaint attached to this motion as **Exhibit 1** under the pseudonym "John Doe." This motion is filed in addition to Plaintiff's Declaration In Support Of Motion To Proceed By Pseudonym, attached as **Exhibit 2**.

Plaintiff is an Orthodox Jew bringing a complaint against Defendant MGH Institute of Health Professions ("Defendant" or "IHP") based on its past and ongoing egregious and unlawful religious, ethnic, and national origin based discrimination against Plaintiff based on his Jewish faith. Plaintiff's claims involve anti-Semitism – a topic receiving heightened attention since the outbreak of the conflict in the Middle East in October 2023. Plaintiff is at risk of facing harassment, intimidation, threats, and even violence, if he is not permitted to proceed by pseudonym, like others who have spoken out against anti-Semitism in recent months. Further, others who are similarly situated are at risk of being chilled from bringing complaints involving anti-Semitism and discrimination against educational institutions.

Defendant will not be prejudiced if Plaintiff is permitted to proceed as "John Doe" because his true name is known to Defendant MGH Institute of Health Professions.

For these reasons, Plaintiff respectfully requests that the Court grant this motion and allow

him to proceed under the pseudonym "John Doe."

May 14, 2024

Respectfully submitted,

By: _____
David Abrams (MASS BBO # 639250)
PO Box 3353
Church Street Station,
New York, NY 10008
212-897-5821
dnabrams@wjlf.org

*Attorney for Plaintiff John Doe*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  | X |  |
|--|--|--|--|
| JOHN DOE, | | | Case No. |
| | Plaintiff, | | |
| v. | | | |
| MGH INSTITUTE OF HEALTH PROFESSIONS, | | | |
| | Defendant. | | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED BY PSEUDONYM

Plaintiff, through his undersigned counsel, respectfully moves for an order allowing him to proceed by pseudonym in all filings in this case. Plaintiff brings this Complaint against the MGH Institute of Health Professions ("Defendant" or "IHP") based on its egregious and unlawful religious, ethnic, and national origin based discrimination that Plaintiff was and continues to be subjected to in violation of federal anti-discrimination laws and IHP's own policies. Plaintiff's claims against IHP involve discrimination based on his Jewish faith and allegations of anti-Semitism. Plaintiff must be permitted to proceed with a pseudonym because these allegations against IHP put him at risk of harm – including harassment, threats, intimidation, and violence – given the recent sharp rise in anti-Semitism and retaliation against those who speak out regarding it. Plaintiff's anonymity is also necessary to prevent a chilling effect on similarly situated individuals wishing to bring claims involving anti-Semitic treatment and discrimination.

### I.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "[t]he title of the complaint name all parties to the action" and "[a]n action must be prosecuted in the name of the real party in interest." *See* Fed. R. Civ. Proc. 10(a), 17(a)(1). However, it is within the broad discretion of the court to

allow "the use of a pseudonym in litigation" when there are "countervailing interests." *Doe v. Mass Inst. of Tech.*, 46 F.4th 61, 68 (1st Cir. 2022); *see also Doe v. Trustees of Dartmouth College*, 2018 WL 204835 at *3 ("[M]any circuit courts have condoned pseudonymous litigation.").

The First Circuit established "four general categories of exceptional cases in which party anonymity ordinarily will be warranted" in *Doe v. Mass Inst. of Tech.*, 46 F.4th 61, 68 (1st Cir. 2022). *Id*. Those categories are: (1) a lack of anonymity will cause the plaintiff unusually severe harm; (2) identifying the plaintiff would harm innocent non-parties; (3) anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated; and (4) the suit is bound up with a prior proceeding made confidential by law. *Id*. at 71. These categories "are designed to provide guidance to district courts in balancing the interests asserted by the movant in the favor of privacy against the public interest in transparency, taking all relevant circumstances into account." *Doe v. Town of Lisbon*, 78 F.4th 38, 46 (1st Cir. 2023) (internal quotation marks omitted). The balance must be struck "in light of the relevant facts and circumstances of the particular case." *Doe v. Trustees of Dartmouth College*, 2018 WL 204835 at *3.

## II.    ARGUMENT

Plaintiff is an Orthodox Jew alleging egregious anti-Semitic conduct and discrimination by IHP, an educational institution in the medical field. Filing this Complaint puts Plaintiff at risk of harm and retaliation for speaking out about anti-Semitism, and also risks chilling others from similarly speaking out by bringing lawsuits when faced with anti-Semitic discrimination. Balancing the interest of Plaintiff in privacy against the public interest in transparency strongly weighs in favor of permitting Plaintiff to proceed by pseudonym given the stark rise in anti-Semitism in the United States – especially in education institutions and the medical profession – since October 2023 and the severe retaliation faced by those who speak out.

First, Plaintiff faces a risk of severe harm if he is not permitted to proceed anonymously due to retaliation for speaking out about anti-Semitism. Federal courts have permitted defendants to proceed anonymously "where identification poses a risk of retaliatory physical or mental harm" to the party seeking to proceed anonymously. *Doe v. Mass Inst. of Tech.*, 46 F.4th at 71 (1st Cir. 2022) (enumerating the factors a court must consider when faced with a motion to proceed under a pseudonym); *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1071 (9th Cir. 2000) (allowing the use of a pseudonym for plaintiffs who feared "extraordinary retaliation"). This includes situations "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *M.M. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998).

Anti-Semitism has been starkly surging in the United States since October 2023 and has reached unprecedented levels.[1] Retaliatory actions against those who speak out about anti-Semitism have, likewise, been rapidly increasing – with those who speak out frequently facing threats, harassment, and even violence.[2] Educational institutions in particular have been the host of much of these problems. For example, several Ivy League universities have been at the heart of allegations of anti-Semitism, so much so that they have been investigated by Congress. Meanwhile, the medical profession has also seen a stark rise in dangerous anti-Semitism affecting doctors and patients alike.[3] Given this climate – and the fact that Plaintiff is a physical therapy

---

[1] A report by the Anti-Defamation League found that antisemitic incidents in the United States more than doubled in the past year and included a steep jump since October 2023. *See* https://thehill.com/blogs/blog-briefing-room/4646435-antisemitism-surging-worldwide-since-october-7-attack-report/. Meanwhile, anti-Semitic incidents on college campuses are said to have risen by 700%. *See* https://www.hillel.org/antisemitism-on-college-campuses-incident-tracking-from-2019-2023/.

[2] "Viral Columbia professor who called out campus antisemitism says university investigating him in retaliation," Fox News, March 22, 2024, available at: https://www.foxnews.com/politics/viral-columbia-professor-called-campus-antisemitism-says-university-investigating-him-retaliation.

[3] "Gaza War Fallout: The US Medical Industry Is Not Immune to Antisemitism," The Media Line, January 21, 2024, available at: https://themedialine.org/top-stories/gaza-war-fallout-the-us-medical-industry-is-not-immune-to-anti-semitism/.

student bringing a complaint against an educational institution – refusing to permit Plaintiff to proceed by pseudonym puts him at a severe risk of retaliation and threats. In fact, Plaintiff would face more anti-Semitism as a result of bringing the present lawsuit – thereby causing him to incur more of the very injury at the heart of his Complaint.

Second, Plaintiff's anonymity is necessary to forestall a chilling effect on future litigants who wish to speak out regarding anti-Semitism and discrimination based on their Jewish faith. Thus, "other similarly situated litigants [will] be deterred from litigating claims that the public would like to have litigated." *Doe v. Mass Inst. of Tech.*, 46 F.4th at 71 (1st Cir. 2022), citing *Doe v. Megless*, 654 F.3d 404, 410 (3rd Cir. 2011). Raising allegations concerning anti-Semitism is in the public interest and plaintiffs should not be deterred from bringing lawsuits involving anti-Semitism and discrimination for fear of retaliation. *See, e.g., Doe v. Del Toro*, 2024 WL 816511, at *2 (D. Mass. Feb. 27, 2024) (permitting anonymity where not doing so would chill similarly situated veterans with mental health struggles from seeking judicial review of decisions involving their discharge status). Thus, Plaintiff must be permitted to proceed by pseudonym to prevent a chilling effect on those similarly situated – of which there are likely many given the stark rise in anti-Semitism since October 2023.[4]

Third, there is no risk of prejudice or unfairness to Defendant from allowing this action to proceed anonymously in the public record. Plaintiff's counsel and Defendant's counsel have previously discussed the allegations set forth in Plaintiff's complaint, so Defendant's counsel

---

"Watch out! Antisemitism is soaring in US medicine," New York Post, November 24, 2023, available at: https://nypost.com/2023/11/24/opinion/watch-out-antisemitism-is-soaring-in-us-medicine/.

[4] Anti-Semitism in the United States was said to have risen 361% between October 2023 and in January 2024 alone. *See* "ADL records more than 3,200 antisemitic incidents since start of Israel-Hamas war," CNN, January 11, 2024, available at: https://www.adl.org/resources/press-release/us-antisemitic-incidents-skyrocketed-360-aftermath-attack-israel-according.

already knows Plaintiff's identity.  Defendant thus already has the information available to begin their investigation into Plaintiff's claims without delay.

The Court must balance the interests asserted by Plaintiff – which are to protect himself and others similarly situated from harm and retaliation in the current climate – against the interest of the public in transparency.  Taking all relevant circumstances into account, Plaintiff's motion should be granted given there is no prejudice to Defendant from permitting Plaintiff to proceed anonymously and the public has a stronger interest in redressing discrimination than permitting transparency in this lawsuit.

### III.    **CONCLUSION**

For the reasons described above, Plaintiff respectfully requests that the Court issue an order allowing him to proceed by pseudonym in the litigation he initiated today by filing the Complaint attached to this motion as Exhibit 1 under the pseudonym "John Doe."

May 14, 2024

Respectfully submitted,

By:    _____
David Abrams (MASS BBO # 639250)
PO Box 3353
Church Street Station,
New York, NY 10008
212-897-5821
dnabrams@wjlf.org

*Attorney for Plaintiff John Doe*