UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOHN DOE,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**MGH INSTITUTE OF HEALTH PROFESSIONS,**<br><br>       **Defendant.** | Case Number:  1:24-cv-11290 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED BY PSEUDONYM**

Defendant MGH Institute of Health Professions ("Defendant") hereby submits this Opposition to Plaintiff's Motion to Proceed by Pseudonym ("Motion"). As set forth more fully herein, Plaintiff's Motion should be denied because he has not stated sufficient grounds to proceed by pseudonym in this case.

In his Motion, Plaintiff properly notes that the Federal Rules of Civil Procedure provide that an "action must be prosecuted in the name of the real party in interest." *See* Fed. R. Civ. Proc. 10(a), 17(a)(1). Plaintiff, however, fails to note the case law in this Circuit which expresses a "strong presumption against the use of pseudonyms in civil litigation." *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022). The First Circuit has noted that this presumption arises from the language of the Federal Rules, the important right of public access to judicial proceedings and documents, and the nation's tradition of doing justice out in the open rather than in a covert manner. *Doe v. Massachusetts Institute of Technology*, 46 F.4th 61, 66-68 (1st Cir. 2022). Plaintiff correctly cites

the four examples of "exceptional cases" set forth in *Doe v. MIT,* by which the First Circuit has suggested that proceeding by pseudonym might be allowed, and Plaintiff suggests that two of those exceptions warrant the allowance of his Motion in this case.  However, those limited exceptions do not appear to be applicable here.

Plaintiff argues that as an Orthodox Jewish person who is filing a claim alleging discrimination and anti-Semitic conduct by Defendant, having to proceed in his own name would put him "at risk of harm and retaliation for speaking out about anti-Semitic discrimination." (Motion, p. 4).  However, beyond the assertion of a risk of harm, Plaintiff has not identified the nature of this risk nor any basis for the Court to conclude that a risk of severe harm exists, as required by *Doe*.  Plaintiff refers to a surge in anti-Semitic actions in the United States since October 2023, but he makes no connection between those broader events in society and his status as a Plaintiff raising the claims he is making in this case.

Similarly, Plaintiff states that allowing him to proceed anonymously is necessary to "forestall a chilling effect on future litigants who wish to speak out regarding anti-Semitism and discrimination based on their Jewish faith." (Motion, p. 6).  Again, however, the mere recitation of a purported chilling effect is not sufficient to warrant the allowance of pseudonym status to Plaintiff.  Moreover, the implication of Plaintiff's argument is that any litigant alleging discrimination on the basis of anti-Semitic behavior should be entitled to proceed by pseudonym based on the current climate in the country generally, a position which would be highly inconsistent with the strong presumption against proceeding by pseudonym in civil litigation.

## II.     CONCLUSION

For the reasons set forth above, Defendant respectfully requests that Plaintiff's Motion to Proceed by Pseudonym be denied.

        Respectfully submitted,

        MGH INSTITUTE OF HEALTH PROFESSIONS
        By Its Attorneys,

        */s/ Gregory Manousos*
        Gregory A. Manousos (BBO 631455)
        **MORGAN, BROWN & JOY, LLP**
        200 State Street, Suite 11A
        Boston, MA  02109
        T: (617) 523-6666
        E: gmanousos@morganbrown.com

Date: May 30, 2024

## CERTIFICATE OF SERVICE

    I, Gregory A. Manousos, hereby certify that on May 30, 2024, a copy of the foregoing document, filed through the ECF system, will be served on all parties as provided by the Notice of Electronic Filing (NEF).

        */s/ Gregory A. Manousos*
        Gregory A. Manousos